**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOSAMMAT AKHTER, et al.,

    *Plaintiffs*,

v.

JOHN PATRICK MOONEY, et al.,

    *Defendants*.

Civil Action No. 20-15041

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Plaintiffs' motion to vacate an order of dismissal. D.E. 5. The Court reviewed the submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the foregoing reasons, Plaintiffs' motion is **GRANTED**.

I.     BACKGROUND

This matter involves a motor vehicle accident that occurred in Texas on June 6, 2019.[2] Compl., First Count ¶¶ 1-2, 5. Plaintiffs filed their Complaint asserting negligence claims on

---

[1] The Court refers to Plaintiffs' brief in support of their motion (D.E. 5-1) as "Plfs. Br.".

[2] Although Plaintiffs reside in New Jersey, the accident occurred in Texas and Plaintiffs plead that Defendants are citizens of Louisiana and Indiana. Compl. ¶ 6, First Count ¶ 1. Accordingly, the Court has serious concerns as to whether Plaintiffs filed their Complaint in a proper venue, 28 U.S.C. § 1391, and as to whether it has personal jurisdiction over either Defendant once served, *see O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (explaining the types of personal jurisdiction and standards to establish personal jurisdiction) (internal quotations omitted).

October 27, 2020.  D.E. 1.  On February 22, 2021, this Court entered a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiffs' failure to effect service.  The Notice stated that the matter would be dismissed on March 15, 2021 if Plaintiffs failed to establish that Defendants had been served.  D.E. 3.  Plaintiffs failed to do so as to any Defendant.  Accordingly, on March 22, 2021, this Court dismissed the case without prejudice pursuant to Rule 4(m).  D.E. 4.

Plaintiffs filed the instant motion on August 4, 2022.  Plaintiffs seek to vacate the Order of Dismissal and reopen the case.  Plaintiffs also move for an additional thirty days to effect service.  D.E. 5.  Plaintiffs rely on two arguments to support their motion.  First, Plaintiffs maintain that since the accident, they have engaged in settlement negotiations with Defendants.  *See* Blair Cert. ¶¶ 4-7, D.E. 5-3.  In fact, Plaintiffs represent that they settled the claims asserted by one passenger in Plaintiffs' vehicle.  *See id.* ¶ 9.  Second, Plaintiffs contend that since the start of the COVID-19 pandemic, Plaintiffs' counsel's office faced staffing problems related to the pandemic.  Critically, the initial attorney working on the matter left the office in March 2020.  *Id.* ¶ 7.  Plaintiffs argue that because of these two issues, there is good cause to vacate the Rule 4(m) dismissal, reopen the case, and extend the time to effect service.  Plfs. Br. at 4-7.

II.     ANALYSIS

Federal Rule of Civil Procedure 4 governs the requirements for proper service.  *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).  A plaintiff must serve a summons and complaint on each defendant within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).  If a defendant is not served within 90 days, as required by Rule 4(m), a court, "on motion or on its own . . . must dismiss the action without prejudice against that defendant."  Fed. R. Civ. P. 4(m).  If, however, a plaintiff "shows good cause for the failure, the court must

extend the time for service." *Id.* To determine whether good cause exists, a court may consider factors such as (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *Thalasinos v. Volvo Cars of N. Am. LLC*, No. 14-7954, 2016 WL 3436407, at *2 (D.N.J. June 16, 2016). In addition, the Third Circuit equates "good cause" under Rule 4(m) "with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2)." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Excusable neglect requires "a demonstration of good faith on the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Thalasinos*, 2016 WL 3436407, at *2 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097).

As discussed, Plaintiffs contend there is good cause because the parties were engaged in ongoing settlement discussions to resolve the case and because of staffing issues caused by the COVID-19 pandemic. Plfs. Br. at 2, 6-7. But even accepting these representations, Plaintiffs have not previously sought an enlargement of time to effect service and it appears that they only recently attempted to serve Defendants. *See* Plfs. Br. at 7 n.3 (stating that Plaintiffs sent a summons and the Complaint to Defendants "prior to filing this motion"). Moreover, Plaintiffs' settlement efforts and staffing problems largely appear to have occurred prior to filing the Complaint in this matter. *See* Blair Cert. ¶¶ 4-7. In addition, Plaintiffs maintain that they sent Defendants a Summons and Complaint for service prior to filing the motion and that they would advise the Court if service were effected while the motion is pending. Plfs. Br. at 7 n.3. Plaintiffs filed the instant motion on August 4, 2022, yet the Court has not received any updates from Plaintiffs about their attempted service. Finally, Plaintiffs argue that they sought an extension of time to complete service. Plfs. Br. at 7. Nothing on the docket indicates that Plaintiffs ever made such a request prior to filing

this motion. Accordingly, it does not appear that Plaintiffs made a good faith effort to serve Defendants in this matter.

A court may still exercise its discretion and extend the time for service in the absence of good cause. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). In determining whether to grant a discretionary extension, the court may consider several factors including "1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins,* No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010). In this instance, given the settlement negotiations, Defendants have notice of this matter. And because of the notice and Defendants' involvement in settlement negotiations, the Court is not aware of any prejudice that Defendants may face because of an extension. Plaintiffs, however, may be prejudiced if the Court does not reopen the matter. Namely, Plaintiffs indicate that their claims are now barred by the relevant statute of limitations. Plfs. Br. at 8. Thus, if the Court did not grant an extension, Plaintiffs could not reassert their claims in a new matter. This can be a basis to grant a discretionary extension. *See Spence v. LaHood*, No. 11-3972, 2012 WL 2076838, at *6-7 (D.N.J. June 8, 2012) ("Discretionary extensions of time for service may also be granted when the plaintiff's claim would otherwise become time-barred by the expiration of the relevant statute of limitations."). Finally, Plaintiffs argue that the COVID-19 pandemic impacted staffing for Plaintiffs' counsel. Plfs. Br. at 9. This factor alone does not countenance an extension, especially given the fact that the staffing issues seem to have largely occurred more than a year ago. Blair Cert. ¶ 7. The Court recognizes, however, that other courts have granted discretionary extensions to complete service, in part, because of COVID-19 related delays. *See, e.g.*, *Shuler v. TimePayment Corp.*, No. 19-4160, 2020 WL 3034821, at *5-6 (E.D. Pa. June 5, 2020). Based on

these factors and given the strong preference to decide cases on their merits, the Court will exercise its discretion and extend the time for service.

As a result, for the reasons stated above and for good cause shown,

IT IS on this 1st day of December, 2022,

**ORDERED** that Plaintiffs' motion to vacate (D.E. 5) is **GRANTED**; and it is further

**ORDERED** that the March 22, 2021 Order of Dismissal (D.E. 4) is **VACATED** and this matter shall be reopened; and it is further

**ORDERED** that Plaintiffs are **GRANTED** a thirty-day (30) day extension from the date of this Opinion and Order upon which to properly effect service upon Defendants in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk's Office is directed to reissue summons as to each Defendant.

_____
John Michael Vazquez, U.S.D.J.