# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2025
Lyle W. Cayce
Clerk

_____

No. 24-40262
_____

MOSAMMAT AKHTER; MOHAMMAD KARIM,

*Plaintiffs—Appellants,*

*versus*

JOHN PATRICK MOONEY; UNITED PARCEL SERVICE,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:23-CV-262
_____

Before JONES and OLDHAM, *Circuit Judges*, and HENDRIX, *District Judge*[*].

PER CURIAM[†]:

The question presented is whether plaintiffs' claims are time barred. Plaintiffs filed suit within the two-year limitations period. But then they waited approximately two years to serve the defendants. The district court held that delay barred plaintiffs' claims. We affirm.

_____

[*] District Judge of the Northern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40262

I

On June 6, 2019, Mosammat Akhter was driving with her husband, Mohammad Karim, when they crashed in Texas. Akhter collided with a truck owned by the United Parcel Service ("UPS") and driven by John Patrick Mooney.

Roughly a year later, on October 27, 2020, Akhter and Karim filed suit against Mooney and UPS in the United States District Court for the District of New Jersey. Akhter and Karim did not serve the defendants. After Federal Rule of Civil Procedure 4(m)'s 90-day window for service closed, the district court dismissed the case without prejudice. Long thereafter, upon plaintiffs' request, the district court agreed to reopen the case. When it was all said and done, Akhter and Karim delayed over 20 months from filing before serving UPS on July 12, 2022. They delayed over 26 months before serving Mooney on January 5, 2023.

After the district court reopened the case, the defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue. In the alternative, they requested that the case be transferred under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Texas. The plaintiffs supported the transfer request. The district court granted the motion to transfer.

In the Eastern District of Texas, the defendants moved for dismissal under Rule 12(b)(6), arguing the suit was time-barred. The district court agreed and granted the motion.

II

Federal courts sitting in diversity apply the choice-of-law rules of the State in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Plaintiffs filed suit in New Jersey, so that State's choice-of-law rules

would travel with the case if it were transferred from one proper venue (New Jersey) to another (Texas). *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *see* 28 U.S.C. § 1404. In this case, however, venue was *not* proper in New Jersey, so the *Van Dusen* rule does not apply. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007); 28 U.S.C. § 1406. That means Texas choice-of-law rules apply.

Texas courts would choose Texas's statute of limitations. Texas follows the old rule that "[s]tatutes of limitations are procedural." *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (citation omitted); *see also* J. STORY, COMMENTARIES ON THE CONFLICT OF LAWS §§ 576–77, pp. 482–84 (1834); *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566, 571 (5th Cir. 1982) (Limitations periods are procedural rules in Texas). And Texas courts apply their own procedural law. *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008). So Texas would apply its limitations period.

Texas's statute of limitations is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). But the "[m]ere filing of suit will not interrupt the running of limitations unless due diligence is exercised in" serving process. *Draughon v. Johnson*, 631 S.W.3d 81, 93–94 (Tex. 2021) (quotation and citation omitted). Akhter and Karim failed to exercise due diligence. After waiting a year to file, they procrastinated for an additional 20 months before serving UPS and 26 months before serving Mooney. Such "unexplained lapses" do not constitute due diligence, *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). *See also Draughon*, 631 S.W.3d at 94 (explaining that the burden is on the plaintiff to explain any delay in service beyond the time allotted under the applicable rules).

Plaintiffs' principal counterargument is that "it cannot . . . be 'in the interests of justice' to transfer a case simply so that it could be dismissed."

Blue Br. 9 (quoting 28 U.S.C. § 1406(a)). The theory appears to be that the New Jersey court transferred the case to Texas with the expectation that it would be heard in Texas, and it would "frustrate[]" that expectation if we affirmed the Texas court's limitations ruling. *Id.* at 10. Plaintiffs' only support for this contention is 28 U.S.C. § 1631. Section 1631 says that when an action is filed in one district court that lacks jurisdiction and transferred to another district court that has it, "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *Ibid.*

But § 1631 does nothing to help plaintiffs here. That is for two reasons. First, it is not clear that § 1631 applies to transfers based on improper *venue*; after all, § 1631 by its text only applies to transfers based on *jurisdiction*. *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788, 795 (5th Cir. 2021) (holding only that § 1631 extends to transfers based on personal and subject-matter jurisdiction). Second, and in any event, § 1631 would merely require the transferee court in Texas to proceed as if the action had been filed in Texas. And if the action had been filed in Texas, all of the same service and due-diligence rules would apply—and would bar plaintiffs' claims based on their dilatory failure to serve the defendants with process.

AFFIRMED.

4

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2025
Lyle W. Cayce
Clerk

---

No. 24-40262

---

MOSAMMAT AKHTER; MOHAMMAD KARIM,

*Plaintiffs—Appellants*,

*versus*

JOHN PATRICK MOONEY; UNITED PARCEL SERVICE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:23-CV-262

---

Before JONES and OLDHAM, *Circuit Judges*, and HENDRIX, *District Judge\**.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellants pay to Appellees the costs on appeal to be taxed by the Clerk of this Court.

---

\* District Judge of the Northern District of Texas, sitting by designation

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

**Certified as a true copy and issued as the mandate on Feb 03, 2025**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**  
**CLERK**

**TEL. 504-310-7700**  
**600 S. MAESTRI PLACE,**  
**Suite 115**  
**NEW ORLEANS, LA 70130**

February 03, 2025

Mr. David O'Toole  
Eastern District of Texas, Marshall  
United States District Court  
100 E. Houston Street  
Room 125  
Marshall, TX 75670-0000

    No. 24-40262   Akhter v. Mooney  
                          USDC No. 2:23-CV-262

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____  
                          Christy M. Combel, Deputy Clerk  
                          504-310-7651

cc:  
    Mr. Ernest Blair  
    Mr. Andrew J. Upton